United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                Case No. 13-17253-mdc
Angela Gershman                                                       Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2         User: PaulP              Page 1 of 1              Date Rcvd: May 23, 2019
                             Form ID: 3180W           Total Noticed: 11

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 25, 2019.
db             +Angela Gershman,   9230 Burbank Road,   Philadelphia, PA 19115-3414
13317383       ++DELL FINANCIAL SERVICES,   P O BOX 81577,   AUSTIN TX 78708-1577
                 (address filed with court: Dell Financial Services, LLC,   Resurgent Capital Services,
                  PO Box 10390,   Greenville, SC 29603-0390)
13343603       +PNC Mortgage, a Division of PNC Bank, NA,   3232 Newmark Drive,   Miamisburg, OH 45342-5421
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: megan.harper@phila.gov May 24 2019 02:47:15     City of Philadelphia,
                 City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
                 Philadelphia, PA 19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us May 24 2019 02:47:00
                 Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,
                 Harrisburg, PA 17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov May 24 2019 02:47:10     U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
13221109        EDI: HNDA.COM May 24 2019 06:43:00     American Honda Finance Corporation,
                 National Bankruptcy Center,   P.O. Box 168088,   Irving, TX 75016-8088,   866-716-6441
13316057        EDI: BL-BECKET.COM May 24 2019 06:43:00     Capital One, N.A.,   c o Becket and Lee LLP,
                 POB 3001,   Malvern, PA 19355-0701
13344155        EDI: JEFFERSONCAP.COM May 24 2019 06:43:00     JEFFERSON CAPITAL SYSTEMS LLC,   PO BOX 7999,
                 ST CLOUD MN 56302
13328193        EDI: PRA.COM May 24 2019 06:43:00     Portfolio Recovery Associates, LLC,   POB 41067,
                 Norfolk, VA 23541
13221487        EDI: TFSR.COM May 24 2019 06:43:00     Toyota Motor Credit Corporation (TMCC),   PO BOX 8026,
                 Cedar Rapids, Iowa 52408-8026
                                                                                              TOTAL: 8

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
13779876*      ++PORTFOLIO RECOVERY ASSOCIATES LLC,   PO BOX 41067,   NORFOLK VA 23541-1067
                 (address filed with court: Portfolio Recovery Associates, LLC,   PO Box 41067,
                  Norfolk, VA 23541)
                                                                                              TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 25, 2019                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 23, 2019 at the address(es) listed below:
              JON M. ADELSTEIN    on behalf of Debtor Angela  Gershman jadelstein@adelsteinkaliner.com,
               jsbamford@adelsteinkaliner.com
              JON M. ADELSTEIN    on behalf of    Adelstein & Kaliner, LLC jadelstein@adelsteinkaliner.com,
               jsbamford@adelsteinkaliner.com
              KEVIN P. CALLAHAN    on behalf of U.S. Trustee    United States Trustee kevin.p.callahan@usdoj.gov
              MATTEO SAMUEL WEINER    on behalf of Creditor    PNC BANK, NATIONAL ASSOCIATION
               bkgroup@kmllawgroup.com
              RAMESH   SINGH    claims@recoverycorp.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@phl3trustee.com, philaecf@gmail.com
                                                                                              TOTAL: 7

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Angela Gershman** | Social Security number or ITIN **xxx–xx–7681** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **13–17253–mdc** | |

# Order of Discharge    12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Angela Gershman

5/23/19

**By the court:**   Magdeline D. Coleman
United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**